# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

BRIAN JAMES HICKS,
ADC #138964                                                                    PLAINTIFF

V.                            1:11CV00047 BSM/JTR

ARKANSAS DEPARTMENT OF CORRECTION,
Grimes and Tucker Units                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Brian James Hicks, is a prisoner at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. *See* docket entries #2

and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

On May 19, 2011, Plaintiff filed a Complaint alleging that he received inadequate medical care for a lice infestation at the Grimes and Tucker Units of the ADC. *See* docket entry #2. The Grimes and Tucker Units were the only Defendants named by Plaintiff. *Id.*

On May 27, 2011, the Court entered an Order explaining that the Grimes and

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Tucker Units are not proper Defendants in a § 1983 action. *See* docket entry #3 (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004)). The Court then gave Plaintiff thirty days to file an Amended Complaint specifying: *"*(1) the names of the individuals who denied him adequate medical care; and (2) how and when each individual did so.*" Id.* at 4.

On June 13, 2011, Plaintiff filed an Amended Complaint stating that he wanted to proceed with his inadequate medical care claim. *See* docket entry #5. However, despite the clear instructions in the Court's May 27, 2011 Order, Plaintiff did *not* named any Defendants other than the Grimes and Tucker Units. *Id.*

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this  21st  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

-4-